**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **LISA ANN HALL,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:12-cv-86-PMW** |
| **CAROLYN W. COLVIN,**[1] **Acting Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is Lisa Ann Hall's ("Plaintiff") appeal of the Commissioner's final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f.  After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

---

[1]  On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security.  Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action.  *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").

## BACKGROUND

Plaintiff was 43 years old as of her alleged onset date of disability in January 2005. Plaintiff graduated from high school, where she was active in cheerleading, skiing, and gymnastics. After graduating from high school, Plaintiff completed trade school programs in cosmetology and practical radiology. Plaintiff alleges disability due to various physical and mental impairments.

In February 2009, Plaintiff applied for DIB and SSI, alleging disability beginning in January 2005.[2] Plaintiff's applications were denied initially and upon reconsideration.[3] On October 1, 2009, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on October 7, 2010.[5] On December 27, 2010, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[6] On January 13, 2012, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

---

[2] *See* docket no. 7, Administrative Record ("Tr. _____") 157-66.

[3] *See* Tr. 60-61, 63-64.

[4] *See* Tr. 92-93.

[5] *See* Tr. 27-55.

[6] *See* Tr. 6-26.

[7] *See* Tr. 1-3.

On March 28, 2012, Plaintiff filed her complaint in this case, which was assigned to Chief District Judge Ted Stewart.[8]  After receiving an extension of time,[9] the Commissioner filed her answer on July 12, 2012,[10] and the court received the Administrative Record the same day.[11]

On August 23, 2012, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[12]  Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[13]

Plaintiff filed her opening brief on November 5, 2012.[14]  The Commissioner filed her answer brief on December 5, 2012.[15]  Plaintiff filed her reply brief on December 17, 2012.[16]

---

[8]  *See* docket no. 3.

[9]  *See* docket nos. 4-5.

[10]  *See* docket no. 6.

[11]  *See* docket no. 7.

[12]  *See* docket no. 11.

[13]  *See id*.

[14]  *See* docket no. 14.

[15]  *See* docket no. 15.

[16]  *See* docket no. 16.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently
> engaged in substantial gainful activity. If [the claimant] is,
> disability benefits are denied. If [the claimant] is not, the decision

4

> maker must proceed to step two: determining whether the claimant
> has a medically severe impairment or combination of
> impairments. . . . If the claimant is unable to show that his
> impairments would have more than a minimal effect on his ability
> to do basic work activities, he is not eligible for disability benefits.
> If, on the other hand, the claimant presents medical evidence and
> makes the *de minimis* showing of medical severity, the decision
> maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R.

§§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id.* At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id.*; *see* 20 C.F.R.

5

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If it is determined that the claimant "can make an

adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled.

If, on the other hand, it is determined that the claimant "cannot make an adjustment to other

work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff

argues that the ALJ erred: (1) at step two of the sequential evaluation process; (2) by concluding

that Plaintiff's skin impairments did not meet or equal certain sections of Appendix 1 of the

relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R.

§ 404, Subpart P, Appendix 1; (3) in his assessment of Plaintiff's RFC; and (4) by concluding

that Plaintiff could perform her past relevant work and the other work identified by the

vocational expert ("VE").  Based on those arguments, Plaintiff contends that (5) the court should

reverse the ALJ's decision and award her disability benefits.  The court will address those

arguments in turn.

### I.  Step Two

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by

failing to conclude that Plaintiff's panic disorder with agoraphobia, posttraumatic stress disorder,

and depression were severe impairments.  "[A]t step two, the ALJ must consider the combined

effect of all of [the claimant's] impairments without regard to whether any such impairment, if

considered separately, would  be of sufficient severity [to survive step two]."  *Carpeneter v.*

*Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (quotations and citations omitted) (second and

6

third alterations in original).  The Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."  *Id*.

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of attention-deficit hyperactivity disorder, bipolar disorder, anxiety disorder, borderline personality features, methamphetamine abuse, and migraine/tension headaches.  Consequently, the ALJ concluded that Plaintiff could not be denied benefits at step two and proceeded to step three of the sequential evaluation process.  Therefore, Plaintiff's argument with respect to the ALJ's step two analysis must fail.

## II.  Skin Impairments

Plaintiff argues that the ALJ erred by concluding that her skin impairments did not meet or equal listings 8.04 or 8.05.  *See* 20 C.F.R. § 404, Subpart P, Appendix 1, listings 8.04, 8.05. Listing 8.04 requires "[c]hronic infections of the skin or mucous membranes, with extensive fungating or extensive ulcerating skin lesions that persist for at least 3 months despite continuing treatment as prescribed."  *Id*. at listing 8.04.  Similarly, listing 8.05 requires "[d]ermatitis (for example, psoriasis, dyshidrosis, atopic dermatitis, exfoliative dermatitis, allergic contact dermatitis), with extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed."  *Id*. at listing 8.05.  As noted by the Commissioner, in this case, Plaintiff failed to produce evidence demonstrating that she had  (1) extensive skin lesions that (2) persisted for at least three months despite continuing treatment as prescribed.

7

First, the ALJ correctly indicated that the record did not demonstrate that Plaintiff's skin impairments had more than a minimal effect on her ability to work.  That functional analysis is parallel to the requirement of "extensive skin lesions" in listings 8.04 and 8.05.  *Id*. at listings 8.04 and 8.05.  The relevant portion of the regulations provides:

> 1.  Extensive skin lesions.  Extensive skin lesions are those that involve multiple body sites or critical body areas, and result in a very serious limitation.  Examples of extensive skin lesions that result in a very serious limitation include but are not limited to:
>
> > a.  Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity.
> >
> > b.  Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements.
> >
> > c.  Skin lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate.

*Id*. at listing 8.00(C)(1)(a)-(c).

Plaintiff has failed to identify any portion of the record that supports a determination that her skin impairments caused limitations in motion.  In fact, to the contrary, the record demonstrates that Plaintiff consistently exhibited full range of motion on examination.

Second, the ALJ correctly concluded that the record did not show that Plaintiff had any skin impairment that lasted longer than three months "despite continuing treatment as prescribed."  *Id*. at listings 8.04 and 8.05.  The relevant portion of the regulations provides that a claimant "must follow continuing treatment as prescribed for at least 3 months before [the

8

claimant's] impairment can be determined to meet the requirements of a skin disorder listing"

and that the claimant's "specific response to treatment" is considered when "evaluat[ing] the

overall severity of [the claimant's] impairment." *Id.* at listing 8.00(C)(4)(b). The Commissioner

> will find that [the claimant's] impairment meets the duration
> requirement if [his or her] skin disorder results in extensive skin
> lesions that persist for at least 3 months despite continuing
> treatment as prescribed. By persist, [the Commissioner] mean[s]
> that the longitudinal clinical record shows that, with few
> exceptions, [the claimant's] lesions have been at the level of
> severity specified in the listing.

*Id*. at listing 8.00(G).

In his decision, the ALJ pointed to record evidence indicating that Plaintiff did not

continue treatment as prescribed.[17] The ALJ observed that, in a May 2008 office note,

physician's assistant Kevin Henry indicated that Plaintiff had itchy rashes from recurrent

dermatitis herpetiformis because she had failed to use the medication prescribed to control her

symptoms.[18] Furthermore, Plaintiff repeatedly reported to her treating sources that she had

stopped taking her prescribed medications, including her acyclovir.[19] The ALJ reasonably

concluded that Plaintiff did not continue treatment as prescribed under the skin disorder listings.

To the extent that Plaintiff reargues the weight of the evidence on these issues, the court

notes that such a tactic is futile on appeal. It is not this court's role to reweigh the evidence

---

[17] *See* Tr. 15-16.

[18] *See id*.

[19] *See, e.g.*, Tr. 464, 467, 469.

before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve

evidentiary conflicts and inconsistencies. *See Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir.

2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). From an evidentiary

standpoint, the only issue relevant to the court is whether substantial evidence exists in the record

to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007)

(providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the

evidence, not its weight" (emphasis omitted)).

Based on the foregoing, the court has determined that Plaintiff's arguments on this point

all fail. Accordingly, the court concludes that the ALJ did not err by determining that Plaintiff's

skin impairments did not meet or equal listings 8.04 or 8.05.

### III.  RFC

Plaintiff presents several arguments in support of her claim that the ALJ erred in

assessing her RFC. In her first argument on this point, Plaintiff argues that the ALJ erred by

failing to consider Plaintiff's mental impairments in determining her RFC. Specifically, Plaintiff

asserts that the ALJ failed to consider her inability to handle stress. In support of her argument,

Plaintiff cites only to her own testimony at the administrative hearing. After summarizing that

testimony in his decision, the ALJ determined that it was not credible. Notably, Plaintiff has not

challenged that credibility determination. Consequently, she has waived any argument that the

ALJ erred in reaching that determination. *See, e.g.*, *Madron v. Astrue*, 311 Fed. App'x 170, 174

n.4 (10th Cir. 2009) (noting that a party's failure to raise an issue in an opening brief results in

waiver of that issue); *Argyle v. Astrue*, No. 2:10-cv-947-DBP, 2012 U.S. Dist. LEXIS 138531, at

*17-18 (D. Utah Sept. 25, 2012).  Furthermore, the court concludes that Plaintiff's contentions on this point are again nothing more than an attempt to reargue the weight of the evidence, which is unavailing on appeal.  *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.  For these reasons, the court concludes that this argument fails.

Second, Plaintiff contends that the ALJ erred by failing to consider Plaintiff's failed work attempts in determining her RFC.  However, as noted by the Commissioner, the record indicates that Plaintiff's sparse and sporadic prior work history was attributable to causes other than her alleged impairments.  For example, the record indicates that Plaintiff was either incarcerated from January 2006 through May 2007, or she was incarcerated twice during that time period.[20]  In addition, in December 2008, Plaintiff reported that she had been unemployed over the last year and a half "largely due to her methamphetamine addiction."[21]  Finally, the record demonstrates that Plaintiff owned her own salon for two-and-a-half years and, as Dr. Laurie Sullivan noted, the record contained "no striking information about a decrease in her ability to function over time."[22] In light of that evidence, the court cannot say the ALJ erred by failing to specifically reference Plaintiff's alleged failed work attempts in determining her RFC.  Moreover, Plaintiff again appears to be undertaking the futile tactic of rearguing the weight of the evidence before the ALJ

---

[20] *See* Tr. 345-49, 353.

[21] Tr. 394-95.

[22] Tr. 497.

on this issue.  *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.  For these reasons, the court concludes that this argument is without merit.

Finally, Plaintiff argues that the ALJ erred by failing to provide a function-by-function analysis to support his RFC determination.  That argument fails.  Specific, affirmative medical evidence as to each and every work-related task is not required for an ALJ to determine a claimant's RFC.  *See, e.g.*, *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004); *Argyle*, 2012 U.S. Dist. LEXIS 138531, at *17.

The court concludes that all of Plaintiff's arguments on this point are without merit. Accordingly, the court concludes that the ALJ did not err in his assessment of Plaintiff's RFC.

## IV.  Past Relevant Work and Other Work

In this case, the ALJ relied on VE testimony to determine that Plaintiff could perform her past relevant work at step four of the sequential evaluation process.  Accordingly, the ALJ had no obligation to proceed to the fifth step of the sequential evaluation process to consider whether Plaintiff could perform other work existing in the national economy.  Nevertheless, the ALJ did proceed to the fifth step and relied on VE testimony to make the alternative determination that Plaintiff could perform other work existing in the national economy.  The court notes that the Tenth Circuit has expressed a favorable view of such alternative dispositions as they generally benefit everyone and avoid successive, piecemeal appeals in the courts.  *See Murrell v. Shalala*, 43 F.3d 1388, 1389 (10th Cir. 1994).

Plaintiff argues that the ALJ erred by concluding that she could perform her past relevant work and the other work identified by the VE. Specifically, Plaintiff argues that the ALJ presented a flawed hypothetical question to the VE because it did not include a limitation of having only occasional contact with the general public. That argument fails. An ALJ is not required to include every limitation reflected in the record. Instead, it is the ALJ's responsibility to assess Plaintiff's RFC based on all of the record evidence. *See* 20 C.F.R. §§ 404.1546, 416.946; *see also* SSR 96-5. Furthermore, opinions about a claimant's RFC are not dispositive because the determination of Plaintiff's RFC is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2); SSR 96-5; *see also Howard*, 379 F.3d at 949 ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."). In this case, the ALJ included all of the limitations contained in the RFC in the hypothetical provided to the VE. Accordingly, there was no error. *See, e.g.*, *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.").

Nevertheless, even if the ALJ should have included a limitation of having only occasional contact with the general public, the ALJ's conclusion that Plaintiff could perform other work in the national economy would be affirmed. The VE testified that, even with a limitation of having only occasional contact with the general public, Plaintiff could still perform other work in the national economy. Plaintiff raises no challenge in her opening brief with respect to the ALJ's conclusion that she could still perform those jobs identified by the VE. As such, Plaintiff has

13

waived any arguments with respect to those jobs.  *See, e.g.*, *Madron*, 311 Fed. App'x at 174 n.4;

*Argyle*, 2012 U.S. Dist. LEXIS 138531, at *17-18.

For these reasons, the court concludes that Plaintiff's arguments on this point fail.

### V.  Award of Benefits

Based on the success of her other arguments, Plaintiff contends that the court should

reverse the ALJ's decision and directly award her disability benefits.  Because the court has

concluded that all of those arguments fail, it logically follows that the court will not reverse the

ALJ's decision and, consequently, will not award Plaintiff disability benefits.

### <u>CONCLUSION AND ORDER</u>

The court concludes that all of Plaintiff's arguments fail.  Accordingly, **IT IS HEREBY**

**ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 23rd day of September, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

14